**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MARVIN HOLLIS,                                            No. C 06-2790 TEH (pr)

        Plaintiff,                              **ORDER OF DISMISSAL WITH**
                                               **LEAVE TO AMEND**

       v.

D. CAPLAN,

        Defendant .
                                        /

### INTRODUCTION

Marvin Hollis, an inmate at Salinas Valley State Prison, filed this civil rights
complaint under 42 U.S.C. § 1983 regarding the conditions of his confinement at that
facility.  Plaintiff has also filed an application to proceed in forma pauperis (docket no. 2).
That motion is GRANTED in a separate order, filed simultaneously.  On October 5, 2006,
Plaintiff filed an amended complaint (docket no. 5).  The complaint is now before the court
for review pursuant to 28 U.S.C. § 1915A.

### BACKGROUND

Plaintiff alleges in his complaint that Defendant Caplan has violated his civil rights by
retaliating against him for use of the inmate administrative grievance system, by falsely
accusing him of a rule violation.  In the complaint, Plaintiff does not identify anything about
the disciplinary proceeding, including the outcome or whether he was subjected to any
penalty based on the guilty finding.  Plaintiff seeks damages.

1

**DISCUSSION**

2    A.    Standard of Review

3        A federal court must engage in a preliminary screening of any case in which a

4    prisoner seeks redress from a governmental entity or officer or employee of a governmental

5    entity.  See 28 U.S.C. § 1915A(a).  In its review the court must identify any cognizable

6    claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon

7    which relief may be granted, or seek monetary relief from a defendant who is immune from

8    such relief.  See id. at 1915A(b)(1),(2).  Pro se pleadings must be liberally construed.  See

9    Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

10        To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that

11    a right secured by the Constitution or laws of the United States was violated, and (2) that the

12    violation was committed by a person acting under the color of state law.  See West v. Atkins,

13    487 U.S. 42, 48 (1988).

14    B.    Legal Claims

15        1.    Retaliation

16        Ordinarily, retaliation by a state actor for the exercise of a constitutional right is

17    actionable under 42 U.S.C. § 1983, even if the act, when taken for different reasons, would

18    have been proper.  See Mt. Healthy City Bd. of Educ. v. Doyle, 429 U.S. 274, 283-84 (1977).

19    Retaliation, though it is not expressly referred to in the Constitution, is actionable because

20    retaliatory actions may tend to chill individuals' exercise of constitutional rights.  See Perry

21    v. Sindermann, 408 U.S. 593, 597 (1972).   A prisoner suing prison officials under § 1983 for

22    retaliation must allege that he was retaliated against for exercising his constitutional rights

23    and that the retaliatory action did not advance legitimate penological goals, such as

24    preserving institutional order and discipline.  See Pratt v. Rowland, 65 F.3d 802, 806 (9th

25    Cir. 1995); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994).

26        2.    Heck

27        However, in order to recover damages for allegedly unconstitutional conviction or

28    imprisonment, or for other harm caused by actions whose unlawfulness would render a

1   conviction or sentence invalid, a 42 U.S.C. § 1983 plaintiff must prove that the conviction or

2   sentence has been reversed on direct appeal, expunged by executive order, declared invalid

3   by a state tribunal authorized to make such determination, or called into question by a federal

4   court's issuance of a writ of habeas corpus.  Heck v. Humphrey, 512 U.S. 477, 486-487

5   (1994).  A claim for damages bearing that relationship to a conviction or sentence that has

6   not been so invalidated is not cognizable under § 1983.  Id. at 487.

7          Where a claim would, if successful, "necessarily accelerate" the prisoner's release on

8   parole, Heck applies.  Ramirez v. Galaza, 334 F.3d 850, 858-59 (9th Cir. 2003) (interpreting

9   Neal v. Shimoda, 131 F.3d 818 (9th Cir. 1997)).  But cf. id. at 858 (interpreting Bostic v.

10  Carlson, 884 F.2d 1267 (9th Cir. 1989), to hold that Heck applies where expungement of a

11  disciplinary finding is "likely to accelerate" the prisoner's eligibility for parole); id. ("[T]he

12  likelihood of the effect on the overall length of the prisoner's sentence from a successful

13  § 1983 action determines the availability of habeas corpus" and thus the applicability of

14  Heck).  Heck bars a claim of unconstitutional deprivation of time credits because such a

15  claim necessarily calls into question the lawfulness of the plaintiff's continuing confinement,

16  i.e., it implicates the duration of the plaintiff's sentence

17         In this case, Plaintiff has not identified either whether he was found guilty of a rules

18  violation, whether it resulted in the loss of good time credit for the disciplinary violation, or

19  whether the finding, if any, has been set aside.  Plaintiff must provide that information to the

20  Court, so that the Court may determine how to proceed on the complaint.

21                                        **CONCLUSION**

22         For the foregoing reasons, the complaint is dismissed with leave to amend, as

23  indicated above, within thirty (30) days of the date of this order.  The pleading must be

24  simple and concise and must include the caption and civil case number used in this order and

25  the words FIRST AMENDED COMPLAINT on the first page.  Failure to file a proper

26  amended complaint within the designated time will result in the dismissal of this action.

27         Plaintiff is advised that the amended complaint will supersede the original complaint

28  and all other pleadings.  Claims and defendants not included in the amended complaint will

                                                3

1    not be considered by the court.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).

2

3    SO ORDERED.

4

5

6    DATED:   10/16/06

     THELTON E. HENDERSON
7    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4